**Leah E.A. Solomon** (SBN 275347)
leah.solomon@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone:   310.788.4400
Facsimile:   310.788.4471

**Floyd A. Mandell**
floyd.mandell@kattenlaw.com
(*pro hac vice application to be filed*)
**Jeffrey A. Wakolbinger**
jeff.wakolbinger@kattenlaw.com
(*pro hac vice application to be filed*)
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe St.
Chicago, IL  60661
Telephone:   312.902.5200
Facsimile:   312.902.1061

Attorneys for Plaintiff Forever 21, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FOREVER 21, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADIDAS AMERICA, INC., and ADIDAS AG,<br><br>　　　　Defendants. | CASE NO.  2:17-cv-01752<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF (1) NON-INFRINGEMENT OF TRADEMARKS and (2) NON-BREACH OF SETTLEMENT AGREEMENT** |

Plaintiff Forever 21, Inc. ("**Forever 21**") hereby states the following allegations for its Complaint for Declaratory Judgment against Defendants Adidas America, Inc., and Adidas AG (together, "**Adidas**").

## INTRODUCTION

1. Years ago, Adidas managed to secure federal trademark registrations for use of three, parallel stripes placed in specific locations on certain shoes and clothing. Adidas is well known for aggressively enforcing its perceived trademark rights against others, suing and threatening suit against retailers and manufacturers of footwear and clothing who use three stripes in a manner that Adidas believes is likely to cause confusion.

2. But Adidas has taken its claims even further—too far—essentially asserting that no item of clothing can have any number of stripes in any location without infringing Adidas's trademarks. To this end, Adidas has sued clothing and footwear manufacturers who have used two stripes. It has sued those who use four. It has sued over stripe patterns involving multiple widths and colors, and it has sued over garments Adidas is not known for making. It has also threatened to sue many others on similar claims.

3. Forever 21, a well-known, international retailer of specialty clothing, headquartered in Los Angeles, has fallen victim to Adidas's threats on more than one occasion. Since 2006, Adidas has commenced a pattern of complaining about striped apparel sold by Forever 21, and it has steadfastly increased its threats to encompass virtually any item of clothing with decorative stripes. Most recently, in a letter dated February 24, 2017, Adidas's counsel has again threatened to sue Forever 21 over its use of stripes on six items of clothing. The stripes on the Forever 21 clothing at issue are merely ornamental and decorative. None of these items of clothing display any of Adidas's three-stripe marks, and no consumer is likely to believe any of these items are manufactured by, or otherwise associated with, Adidas.

4. Tired of operating with a cloud over its head with regard to its right to design and sell clothing items bearing ornamental/decorative stripes, and unwilling to stop doing something it has every right to do and pay a bully to leave it alone, Forever 21 has decided that enough is enough. Forever 21 is not infringing any Adidas trademark and has not breached any agreements with Adidas. This matter is ripe for a declaratory judgment.

## PARTIES

5. Plaintiff Forever 21, Inc., is a Delaware corporation, having its principal place of business at 3880 N. Mission Road, Los Angeles, California 90031.

6. On information and belief, Defendant Adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

7. On information and belief Defendant Adidas AG is the owner of the claimed trademarks Adidas has asserted against Forever 21, as set forth below.

8. On information and belief, Defendant Adidas America, Inc., is an Oregon corporation, having a principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.

9. On information and belief, Adidas America, Inc., is a subsidiary of Adidas AG and directs all U.S.-based operations of Adidas AG.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1338 because Count 1 is for declaratory judgment for claims involving trademarks and because an actual case or controversy exists between Adidas and Forever 21. The Court has supplemental jurisdiction over Count 2 pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1367 because the claim asserted therein is so related to the claim asserted in Count1 that it forms part of the same case or controversy.

11. This Court has personal jurisdiction over Adidas AG and Adidas America, Inc., because they conduct business in the state of California and because they have threatened legal action against a company that is headquartered in Los Angeles, California.

12. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Forever 21's claim have occurred in this district and a substantial part of the property that is subject to the action is situated in this district.

## FOREVER 21

13. Forever 21 is an American success story. It began in 1984 as an immigrant's dream, with a single, 900-square-foot store in Los Angeles, California. It has since grown into a fashion giant whose stores are now housed in 9,000-square-foot spaces in shopping malls and 24,000-square-foot flagship stores in major cities. Today, Forever 21 is one of the most well-known specialty retailers of apparel, clothing, and accessories, operating through its online store and in over 525 retail stores throughout the United States, as well as in stores throughout the Americas, Asia, the Middle East, and the UK.

14. Most of the merchandise Forever 21 sells in its online and brick-and-mortar stores is made exclusively for Forever 21.

15. Forever 21 owns numerous trademark registrations for retail store services, clothing, and fashion accessories. The well-known FOREVER 21 name appears prominently on all Forever 21 stores, on Forever 21's website, and on all clothing Forever 21 sells. Consumers cannot purchase Forever 21's clothing items without encountering the FOREVER 21 trademark.

16. Forever 21 sells clothing displaying a wide variety of colors and ornamental patterns and designs. Some of the clothing Forever 21 sells has ornamental/decorative stripes. Forever 21 does not use stripes as a trademark or

source identifier on any of its clothing items. Any use of stripes on clothing sold by Forever 21 is ornamental, decorative, and aesthetically functional.

## THE MOST RECENT ADIDAS "NO-STRIPES" LETTER

17. On or around February 28, 2017, Forever 21 received a letter from an attorney at Kilpatrick Townsend on behalf of Adidas America, Inc., and Adidas AG. The letter was dated February 24, 2017, and generally demanded that Forever 21 discontinue all sales of certain clothing items containing stripes. (Adidas's February 24 letter will be referred to throughout this Complaint as the "**No Stripes Letter.**")

18. The specific items identified as "infringing apparel" in the No Stripes Letter are pictured below:




4
**COMPLAINT FOR DECLARATORY JUDGMENT**






19. In the No Stripes Letter, Adidas asserted that each of the clothing items pictured above (the "**Striped Clothing**") infringes Adidas's rights in various federal

5

COMPLAINT FOR DECLARATORY JUDGMENT

trademark registrations for the use of three stripes on clothing items. The registrations asserted in Adidas's No Stripes Letter (the "**Adidas Registrations**") are listed in the table below:

| Reg. No. | Mark Drawing | Goods |
| --- | --- | --- |
| 870,136 | | Athletic training suits |
| 2,016,963 | | Jackets |
| 2,058,619 | | Shirts |
| 2,278,591 | | Shorts |
| 2,284,308 | | Pants |
| 3,029,127 | | T-shirts, sweatshirts, jackets and coats |

6
**COMPLAINT FOR DECLARATORY JUDGMENT**

| Number | Mark | Goods |
|---|---|---|
| 3,087,329 | | T-shirts, sweatshirts, vests, jackets and coats |
| 4,910,643 | | Various bags, wallets, and other goods made of leather or imitation leather, various clothing items, athletic sporting goods |
| 1,815,956 | | Athletic footwear |
| 1,833,868 | | Athletic footwear |
| 2,278,589 | | Athletic and leisure footwear |
| 2,909,861 | | Footwear, namely, slides |
| 2,999,646 | | Footwear, namely, slides |

| | | |
|---|---|---|
| 3,029,129 | | Footwear |
| 3,029,135 | | Footwear |
| 1,674,229 | **THE BRAND WITH THE 3 STRIPES** | Boots, slippers, sandals, shoes, boots and after ski boots for hiking and trekking, athletic shoes and general-purpose sports shoes |

20. In addition to demanding that Forever 21 "immediately discontinue" all sales of the Striped Clothing and any other clothing "bearing confusingly similar imitations of the Three-Stripe Mark," Adidas demanded in its No Stripes Letter that Forever 21 provide an accounting of all Striped Clothing sold and in inventory. Adidas further threatened to file a lawsuit against Forever 21 in the United States District Court for the District of Oregon, as it did in 2015, if Forever 21 did not comply with Adidas's demands.

21. In its No Stripes Letter, Adidas also references one or more settlement agreements entered into by Forever 21 and Adidas and states that Forever 21's sale of its Striped Clothing constitutes a breach. The specific terms of any such agreements are confidential.

## ADIDAS'S THREATENED CLAIMS

22. Adidas's No-Stripes Letter accuses Forever 21 of trademark infringement based on Forever 21's sale of the Striped Clothing.

8
**COMPLAINT FOR DECLARATORY JUDGMENT**

23. All of the Adidas Registrations feature three, parallel stripes of equal width or, in the case of Reg. No. 1,674,229 use of the words, "3 Stripes."

24. *None* of the ornamental designs on the Striped Clothing involve three, parallel stripes of equal width.

25. Many clothing items adorned with decorative stripes are sold by countless third parties.

26. Adidas's claims to all things striped did not begin with the recent No Stripes Letter. In a previous letter, dated June 8, 2015, Adidas had threatened to sue Forever 21 over other clothing items, which included a sweatshirt with Snoopy on the front of it and a traditional, generic varsity-style stripe pattern on the collar, cuffs, and bottom of the shirt. A photograph of this "**Snoopy Shirt**" is below:



(From this point forward, references to "Striped Clothing" in this Complaint include the Snoopy Shirt in addition to the six items pictured above.) Forever 21 continues to use this very traditional striped pattern on other clothing items.

27. Adidas should not be allowed to claim that Adidas, alone, has a monopoly on all striped clothing.

28. Consumers are not likely to be confused into believing the Striped Clothing sold in Forever 21's stores by Forever 21 is manufactured by, sponsored by, authorized by, or otherwise associated with Adidas.

29. Because Adidas continues its pattern of conduct over the last several years, asserting trademark rights against Forever 21 and threatening to sue Forever 21 if Forever 21 has not caved to Adidas's demands, an immediate, justiciable case or controversy exists such that Forever 21 is entitled to seek a declaratory judgment of non-infringement.

## FIRST CAUSE OF ACTION

### (Declaration of Non-Infringement)

30. Forever 21 incorporates paragraphs 1 through 29 herein by reference.

31. In its No-Stripes Letter, as it had done in the past, Adidas claimed that Forever 21's offer and sale of items with decorative stripes infringed an unspecified number of the Adidas Registrations. This most recent letter claimed the six identified items of Striped Clothing is likely to cause confusion and therefore constitutes infringement of Adidas's purported rights in various 3-stripe trademarks.

32. Forever 21's Striped Clothing display stripes in an ornamental, decorative, non-trademark manner. Additionally, or in the alternative, none of Forever 21's Striped Clothing is likely to cause confusion with Adidas, its trademarks, or its products.

33. Forever 21's Striped Clothing items do not infringe any of the Adidas Registrations or any other trademark rights owned by Adidas.

34. An actual, present, and justiciable controversy has arisen between Adidas and Forever 21 concerning the Striped Clothing.

35. Unless and until a declaratory judgment of non-infringement is entered in Forever 21's favor, Forever 21 is operating under a cloud and cannot enjoy an unfettered right to design and sell clothing with ornamental, decorative striped designs.

## SECOND CAUSE OF ACTION

### (Declaration that Settlement Agreements Have Not Been Breached)

36. Forever 21 incorporates paragraphs 1 through 35 herein by reference.

37. Adidas's No Stripes Letter references one or more confidential settlement agreements between Forever 21 and Adidas.

38. Forever 21's sale of the Striped Clothing does not constitute a breach of any contract entered into by Forever 21 and any Adidas entity.

39. An actual, present, and justiciable controversy has arisen between Adidas and Forever 21 concerning the Striped Clothing.

40. Unless and until a declaratory judgment of non-breach is entered in Forever 21's favor, Forever 21 is operating under a cloud and cannot enjoy an unfettered right to design and sell clothing with ornamental, decorative striped designs.

## **PRAYER FOR RELIEF**

WHEREFORE, Forever 21 prays for the following relief:

1. A judgment declaring that (a) the stripes on Forever 21's Striped Clothing is ornamental and does not serve a source-identifying function, (b) Forever 21's Striped Clothing does not infringe any trademark rights owned by Adidas, and (c) Forever 21's sale of the Striped Clothing does not constitute a breach of any contract entered into by Forever 21 and any Adidas entity;

2. An award of costs in this action;

3. A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Forever 21's favor; and

4. For such other, further, or different relief as the Court deems just and proper.

Dated: March 3, 2017                    Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP


By:  /s/ Leah E.A. Solomon_____
Attorneys for Plaintiff Forever 21, Inc.

11

COMPLAINT FOR DECLARATORY JUDGMENT